IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
THE ESTATE OF CLOTILDA LEHMAN,   )
by and through Howard Lehman,    )
its Special Administrator, and   )
HOWARD LEHMAN, ROY DEAN LEHMAN,  )
and TABITHA ANN RUSSELL, heirs   )
at law of Clotilda Lehman,       )
                                 )
                     Plaintiffs, )   CIVIL ACTION
                                 )
v.                               )   No.  05-1105-MLB
                                 )
SHELDON D. ROBERTS, M.D. and     )
MARCELO KUGELMAS, M.D.,          )
                                 )
                     Defendants. )
                                 )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Marcelo Kugelmas' motion to dismiss for lack of personal and subject matter jurisdiction. (Doc. 25). The matter has been fully briefed and is ripe for decision. (Docs. 26, 27, 28). Defendant's motion is granted for the reasons herein.

**I.   FACTS**

On July 18, 2003, Dr. Marcelo Kugelmas admitted Clotilda Lehman to the University of Colorado Hospital for a liver transplant evaluation. She remained in the hospital for assessment until August 1, 2003. On August 17, 2003, Lehman was admitted to the hospital through the emergency room due to a kidney infection. She was treated and released on August 21, 2003. On August 28, 2003, Lehman had a build-up of fluid in her abdomen. Kugelmas performed an out-patient procedure to drain the fluid. Lehman died on August 29, 2003, in Colorado. (Doc. 26, exh. A at 3).

Dr. Kugelmas is a Colorado resident and practices exclusively at the University of Colorado Hospital. Dr. Kugelmas admitted Lehman into the hospital, but the admission was not a result of a direct physician to physician referral. Plaintiffs have asserted that Dr. Kugelmas contacted physicians in Kansas to obtain Lehman's medical records. Otherwise, Dr. Kugelmas has had no contact with the state of Kansas. (Docs. 26, exh. A at 2-3; 27 at 4).

Dr. Kugelmas has moved to dismiss plaintiffs' claim against him for lack of personal jurisdiction and failure to state a claim.

## II. PERSONAL JURISDICTION

It is well established that under a Rule 12(b)(2) motion to dismiss, plaintiffs bear the burden of establishing personal jurisdiction over defendants. See Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). In an action in which jurisdiction is asserted under 28 U.S.C. § 1332, as this one is, plaintiffs obtain personal jurisdiction over nonresident defendants by showing both that the jurisdiction is authorized under the law of the state in which the court sits and that the exercise of such jurisdiction would not offend due process. See Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir. 1995).

The Kansas long-arm statute specifies that a party submits to the jurisdiction of Kansas if the cause of action against it "aris[es] from the doing of any of [eleven particular] acts." Kan. Stat. Ann. § 60-308(b). Kansas courts have interpreted the Kansas long-arm statute "to allow jurisdiction to the full extent permitted by due process," such that these two inquiries become duplicative. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1305

(10th Cir. 1994); see also OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090 (10th Cir. 1998) (explaining that a court, when considering a 12(b)(2) motion under Kansas law, may proceed directly to the constitutional issue).  One Kansas court has held, however, that "[t]he fact that 60-308(b) is to be liberally construed does not mean that the courts are to ignore the statutory requirement that the cause of action arise from the defendant's doing of one or more of the enumerated acts in this state." Three Ten Enterprises, Inc. v. State Farm Fire & Cas. Co., 24 Kan. App. 2d 85, 91, 942 P.2d 62, 67 (Kan. Ct. App. 1997).

Plaintiffs assert that Dr. Kugelmas is subject to jurisdiction in Kansas since he has committed a tortious act within the state. K.S.A. 60-308(b)(2).  Although the medical malpractice alleged clearly occurred in Colorado, plaintiffs allege that economic injury has occurred in the state of Kansas.  "Where tortious conduct occurs outside this state, personal jurisdiction may result as long as the injury resulting from the tortious act occurs in the state." Volt Delta Resources, Inc. v. Devine, 241 Kan. 775, 778, 740 P.2d 1089, 1092 (1987).  As this court stated in Continental Am. Corp. v. First Nat. Bank of Md., 1994 WL 326771 (D. Kan. June 22, 1994), "federal district court opinions have construed 60-308(b)(2) broadly to encompass economic injuries sustained by a [plaintiff] as a result of an out-of-state tort. . . [but] [t]his view is subject to serious challenge." Id. at *2.  Since Continental, Kansas courts have not retreated from their interpretation of the long-arm statute. See Campbell v. Bank of Am., N.A., --- F. Supp.2d ---, 2005 WL 3502457 (D. Kan. Dec. 22, 2005).  While the court is concerned that plaintiffs'

-3-

economic injury in this specific case would be sufficient to satisfy the long-arm statute,[1] the court will proceed directly to the constitutional issue.

To exercise jurisdiction, due process requires that a nonresident defendant have minimum contacts with the forum state such that it would be reasonable to require the defendant to defend the suit in the forum state.  See Burger King, 471 U.S. at 462 (1985).  When the defendant has purposefully availed himself of the protections and benefits of the forum state, jurisdiction will be found reasonable. Id. at 472-73.  A party who reaches out beyond its state to create a continuing relationship with a party in the forum state shall be subject to the jurisdiction of that forum state.  Id. at 473. "Random, fortuitous, or unilateral acts of other parties cannot be the basis for jurisdiction."  Kennedy v. Freeman, 919 F.2d 126, 128-29 (10th Cir. 1990).

> In the context of doctor-patient litigation, special rules have evolved to ensure that personal jurisdiction is asserted over a doctor only when she has purposefully availed herself of the privileges of conducting activities within her patient's state. While a doctor's practice may be local, she may often treat out-of-state patients who seek her help. Thus, courts have had to fashion jurisdictional rules when doctors who have essentially local practices become involved in another state not as a result of their intention to do so but, rather, as a result of the action of their out-of-states patients. See, e.g., Wright v. Yackley, 459 F.2d 287, 288-89 (9th Cir. 1972) (no jurisdiction in Idaho over South Dakota doctor who treated his patient in South Dakota and merely phoned a prescription refill into Idaho); McAndrew v. Burnett, 374

---

[1] Plaintiffs' interpretation of Kansas' long-arm statute would essentially allow every tort action in which a plaintiff is a resident of Kansas to be brought in this state.  Theoretically, every plaintiff who resides in Kansas suffers economic loss in Kansas even if the actual tort occurred in a different forum.  The court seriously doubts that this interpretation is the intended result of the drafters.

-4-

> F. Supp. 460 (M. D. Penn. 1974)(no jurisdiction in Pennsylvania over New York surgeon where alleged negligent surgery occurred in New York and decedent subsequently moved to Pennsylvania and died there).  Courts have found jurisdiction over nonresident doctors where they purposefully directed their actions at plaintiffs' states. For example, where doctors or hospitals have intentionally solicited business from a state, courts have held jurisdiction over them to be proper in that state. See, e.g., Cubbage v. Merchent, 744 F.2d 665 (9th Cir. 1984), cert. denied,470 U.S. 1005, 105 S. Ct. 1359, 84 L. Ed.2d 380 (1985); Pijanowski v. Cleveland Clinic Found., 635 F. Supp. 1435 (E. D. Mich. 1986); Lemke v. St. Margaret Hosp., 552 F. Supp. 833 (N. D. Ill. 1982).

Id.

In this case, Dr. Kugelmas' only alleged contact with Kansas is his statement in a medical record that he would "try to obtain" the decedent's old records from Kansas hospitals.  Whether he succeeded in obtaining the records is unknown, but even if he did, this contact with Kansas is not sufficient to comport with constitutional requirements.  The court acknowledges that various cases have held an out-of-state doctor is subject to jurisdiction in the plaintiff's state, but only after making a determination that the doctor's contacts with that state had an effect on the plaintiff's treatment. See Gonzales v. Chandel, 13 F. Supp.2d 1197, 1199 (D. Kan. 1998)(Doctor requested out-of-state samples to be sent to him for testing and told plaintiff's in state doctor the treatment plaintiff should receive based on the results); see also Ray v. Heilman, 660 F. Supp. 122 (D. Kan. 1987) (holding district court in Kansas had personal jurisdiction over Missouri doctor who telephoned prescription to Kansas pharmacist, arranged for decedent to have monthly tests in Kansas and for the results to be communicated to him in Missouri, and consulted with decedent several times over the phone about his

condition). The First Amended Complaint makes no similar allegations and plaintiffs' response to Kugelmas' motion does not state that he received the records or that the lack of receipt caused or contributed to cause decedent's death.

In Hill v. United States, 815 F. Supp. 373, 377 (D. Colo. 1993), the court determined that even though the doctor had numerous telephone contacts with the forum state, no evidence existed that those calls had any bearing with the plaintiff's care. The court agrees with the reasoning in Hill. Any alleged contact with Kansas was only to gather Lehman's medical records. Those contacts were indirect and do not establish that Dr. Kugelmas purposefully reached out to the state of Kansas. The court believes that any competent physician would seek a patient's past medical records, especially when assessing whether a patient qualified for a transplant.

Based on the foregoing facts, the court cannot conclude that these contacts gave Dr. Kugelmas fair warning that he would be subject to personal jurisdiction in Kansas. Burger King, 471 U.S. at 474. The court further concludes that the quantity and quality of contacts are such that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Accordingly, the court holds that it does not have personal jurisdiction over Dr. Kugelmas.

### III. CONCLUSION

Defendant Kugelmas' motion to dismiss for lack of personal

jurisdiction is granted.[2]

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   31st   day of January 2006, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's motion to dismiss for failure to state a claim is moot.