**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| THE ESTATE OF CLOTILDA LEHMAN, )<br>by and through Howard Lehman, )<br>its Special Administrator, and )<br>HOWARD LEHMAN, ROY DEAN LEHMAN, )<br>and TABITHA RUSSELL, )<br>heirs at law of Clotilda Lehman, )<br>)<br>               Plaintiffs, )<br>)<br>v. )<br>)<br>SHELDON D. ROBERTS, M.D., )<br>)<br>   Defendant. )<br>_____) | **CIVIL ACTION**<br><br>No. 05-1105-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 42). The motion has been fully briefed and is ripe for decision. (Docs. 43, 56, 59). Defendant's motion is denied for the reasons herein.

Background

On May 22, 2002, Clotilda Lehman was seen by defendant Roberts for surgical removal of a kidney stone. Defendant ordered pre-operative labs, specifically a CBC and chem seven. On May 28, 2002, defendant performed a Cystoscopy with Right Ureteroscopic Stone Removal. Defendant last saw Lehman on June 3, 2002. (Docs. 43 at 4; 56 at 3).

On June 11, 2003, Lehman was seen by Dr. Chaparla for liver disease. The records note that Lehman had end stage liver disease. On July 18, 2003, Dr. Marcelo Kugelmas admitted Lehman to the University of Colorado Hospital for a liver transplant evaluation.

She remained in the hospital for assessment until August 1, 2003. On August 17, 2003, Lehman was admitted to the hospital through the emergency room due to a kidney infection. She was treated and released on August 21, 2003. On August 28, 2003, Lehman had a build-up of fluid in her abdomen. Kugelmas performed an out-patient procedure to drain the fluid. Lehman died on August 29, 2003, in Colorado. (Docs. 43 at 5-7; 56 at 4-6).

Plaintiffs allege that the results of the lab tests ordered by defendant reveal abnormalities and that defendant was negligent in failing to notify Lehman of the results and provide proper treatment. Defendant asserts that plaintiffs have failed to establish causation and, in the alternative, failed to state a claim for loss of chance under Kansas law.

## Analysis

Defendant's summary judgment motion is largely based on his motion to exclude plaintiff's expert witness. (Doc. 44). On April 9, this court held a Daubert hearing where plaintiff's expert, Dr. Fischer, appeared by telephone. The court denied defendant's motion to strike Dr. Fischer. (Doc. 61). Accordingly, defendant's motion for summary judgment on the basis that plaintiff's expert cannot testify to causation is denied.

Defendant also seeks summary judgment on plaintiff's claim of loss of chance. In Kansas, "a plaintiff is required to show only that there was any chance of survival or better recovery in order to establish a prima facie case and avoid summary judgment. Pipe v. Hamilton, 274 Kan. 905, 909-10, 56 P.3d 823, 826-27 (2002). Defendant asserts that plaintiff's expert has failed to provide testimony as to

-2-

Lehman's chance of survival.  During the <u>Daubert</u> hearing, Dr. Fischer testified that he believes plaintiff would be alive today had defendant provided the proper treatment.  This opinion establishes plaintiff's prima facie case for a loss of chance claim.

<u>Conclusion</u>

Defendant's motion for summary judgment is denied.  (Doc. 42). The clerk is directed to set this case for trial.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this __18th__ day of April 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE